IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SCOTTIE H. GIBSON, #2431664, Plaintiff, | § § § § | |
| v. | § § | No. 3:23-cv-01164-S (BT) |
| NFN MACKEY, et al., Defendants. | § § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Texas prisoner and *pro se* plaintiff Scottie H. Gibson seeks relief under 42 U.S.C. § 1983 for alleged constitutional violations leading to his arrest and conviction in state court. For the reasons below, the Court should **DENY** Gibson's pending motion for leave to amend (ECF No. 25), and **DISMISS** his claims under 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B) with prejudice to their being asserted again until the *Heck v. Humphrey* conditions are met.

**Background**

A Johnson County jury convicted Gibson of continuous sexual abuse of a young child, seven counts of sexual assault of a child, and two counts of indecency with a child. *See State v. Gibson*, F202000027 (18th Dist. Court, Johnson County, Tex. Jan. 27, 2023). The appellate court affirmed, and the Texas Court of Criminal Appeals denied Gibson's petition for discretionary review. *See Scottie Heath Gibson v. The State of Texas*, 2024 WL 976689 (Tex. App.—Waco Mar. 7, 2024)

(mem. op., not designated for publication); Case Detail (txcourts.gov) (search for trial case number F202000027; last visited October 8, 2024).

During the pendency of the state proceedings, Gibson filed this civil action against the two Cleburne Police Department (CPD) officers who arrested him and the state judge who presided over his criminal trial. ECF No. 1; ECF No. 8 at 3. He filed an amended complaint a few weeks later. (ECF No. 8)[1]. He also moved for, and was granted, leave to proceed *in forma pauperis*. ECF Nos. 9, 12, 15. Most recently, he moved for leave to amend his pleadings again (ECF No. 25) to further supplement his allegations, and that motion remains pending.

Gibson alleges that the CPD officers arrested him at his home, without an arrest warrant and without probable cause in violation of the Fourth and Fourteenth Amendment. ECF No. 1 at 2; ECF No. 8 at 4-5. He alleges that there were no exigent circumstances for a warrantless arrest, that he was not fleeing the crime scene, and that he had not committed an offense in the presence of the officers. ECF No. 1 at 2; ECF No. 8 at 4. He claims that an arrest warrant was only produced 18 months after his arrest at a pretrial hearing, which is suspicious and

---

[1] Gibson also, without leave of court, filed several documents supplementing or amending his original allegations. ECF Nos. 11, 13, 16, 17, 18, 19, 20, 21. The Court does not consider these documents for screening purposes because Gibson did not move for leave of Court to file them. *See* FED. R. CIV. P. 15(a)(1)-(2) (allowing a party to amend once as a matter of course but requiring leave of court to amend in all other cases); *see also Turner v. Nationstar Mortg. LLC*, 2015 WL 12765513, at *2 (N.D. Tex. May 14, 2015) ("Even though the Court gives a pro se party some latitude and construes a pro se party's pleadings liberally, a pro se party must nevertheless comply with the rules of civil procedure.").

2

shows that the warrant is fabricated or doctored. *See*, *e.g.*, ECF No. 8 at 4. He claims that the Johnson County trial court judge is liable for not dismissing his criminal charges despite knowing that he was unlawfully arrested. ECF No. 1 at 2; ECF No. 8 at 5. He seeks monetary damages and injunctive relief premised on the alleged invalidity of his arrest and the later criminal proceedings, such as an order requiring the arresting officers to undergo further legal training and an order reprimanding the trial court judge for not acquitting him. *See*, *e.g.*, ECF No. 1 at 3; ECF No. 8 at 6-7.

## Legal Standards

Gibson's pleadings are subject to preliminary screening under 28 U.S.C. § 1915A. That section provides:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b).

Under 28 U.S.C. § 1915(e), a district court may also summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must

3

plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327-28.

## Analysis

1. <u>The Court should deny Gibson's motion for leave to amend (ECF No. 25) because the proposed amendment would be futile.</u>

Gibson seeks leave to amend his pleadings to add an allegation that testimony from his criminal trial shows that he was arrested without a warrant. ECF No. 25 at 1.

While Rule 15(a) provides that leave to amend must be "freely given when justice so requires," "[i]t is within the district court's discretion to deny a motion to amend if it is futile." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000) (citing *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. of America Co.*, 195 F.3d 765, 771 (5th Cir. 1999)) (further citation omitted).

4

An amendment is futile if the amended complaint would fail to state a claim upon which relief could be granted. *Id.* at 873 (collecting out-of-circuit authority).

Here, Gibson, in an attempt to bolster his false arrest claim, seeks to add an allegation that his trial transcript shows that "no arrest warrant existed." ECF No. 25 at 1. But, as explained below, *Heck v. Humphrey* bars the false arrest claim so the proposed amendment would be futile, and the motion for leave to amend should be denied. *See, e.g.*, *Norwood v. O'Hare*, 404 F. App'x 923, 924 (5th Cir. 2010) ("Norwood could not have overcome the *Heck* bar with an amended complaint; the district court need not have allowed him an opportunity to amend"); *Malone v. Johnson*, 2016 WL 3189829, at *3 (N.D. Tex. Apr. 25, 2016), *rec. accepted* 2016 WL 3166605 (N.D. Tex. June 7, 2016) (finding that amendment should not be allowed because "Plaintiff's claims are fatally infirm" and "granting leave to amend would be futile and cause needless delay" because Plaintiff could not establish the *Heck* conditions had been met).

The motion to amend also includes a request for court-appointed counsel and an investigator to assist the court-appointed counsel. ECF No. 25. at 1. "A § 1983 plaintiff, even if demonstrably indigent, is not entitled to appointed counsel as a matter of right." *Naranjo v. Thompson*, 809 F.3d 793, 799 (5th Cir. 2015) (citing *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982)). The plaintiff must show the claims meet a "threshold level of plausibility" and then show "exceptional circumstances." *Thompson v. Texas. Dept. of Criminal Justice*, 67 F. 4th 275, 283 (5th Cir. 2023) (citations omitted). As explained below, Gibson's claims are not

5

plausible, so he is not entitled to court-appointed counsel, or an investigator to help said counsel, and any such requests should be denied.

    2. *Heck v. Humphrey* bars Gibson's claims.

Turning to the merits of Gibson's claims, in *Heck v. Humphrey*, the Supreme Court held that "a claim that, in effect, attacks the constitutionality of a conviction or imprisonment is not cognizable under 42 U.S.C. § 1983 and does not accrue until that conviction or sentence has been 'reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus.'" *Darnell v. Sabo*, 2022 WL 16577866, at *4 (N.D. Tex. Nov. 1, 2022) (citing 512 U.S. 477, 486-87 (1994); *Wells v. Bonner,* 45 F.3d 90, 94 (5th Cir. 1995)). "Although the *Heck* opinion involved a bar to claims for monetary damages, a dismissal of a claim for injunctive relief and for declaratory relief may also be made pursuant to *Heck*." *Id.* (citing *Edwards v. Balisok,* 520 U.S. 641, 648 (1997) (extending *Heck* to claims for declaratory relief that necessarily would imply the invalidity of punishment); *Clarke v. Stadler,* 154 F.3d 186, 190-91 (5th Cir. 1988) (en banc)) (holding that a claim for prospective injunctive relief that would imply the invalidity of a prisoner's conviction may be dismissed without prejudice subject to the rule of *Heck v. Humphrey*).

Gibson makes two claims: (1) that his arrest and pretrial detainment violated the Fourth Amendment because he was arrested without a warrant or probable cause, and (2) that the trial court judge, aware that Gibson was unlawfully arrested

6

and detained, violated his constitutional rights by refusing to remedy the constitutional violation. These claims imply and presume the invalidity of Gibson's arrest and the resultant criminal proceedings ultimately leading to his convictions. And there is no sign that his convictions have been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 487-87; *see also Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir. 1995) (noting that the proof necessary to establish a false arrest claim—that there was not probable cause to arrest on charge—would necessarily demonstrate invalidity of conviction for purposes of *Heck*); *Conlan v. King*, 682 F. App'x 345 (5th Cir. 2017) (claims of false arrest barred by *Heck*); *Tyler v. Cedar Hill Ind. Sch. Dist.*, 2010 WL 1233455, at *2 (N.D. Tex. Mar. 3, 2010) (claims of illegal search, false imprisonment, unlawful arrest, and wrongful interrogation are barred under *Heck*), *rec. accepted* 2010 WL 1233458 (N.D. Tex. Mar. 29, 2010) (*Berry v. Grett*, 2008 WL 3382572, at *3 (N.D. Tex. Aug. 4, 2008) (civil rights claims of false arrest, ineffective assistance of counsel, that prosecutor withheld favorable evidence, and that judge was biased, all barred by *Heck*).

To the extent that Gibson's cover letter (ECF No. 8 at 10-11) could be liberally construed as raising other claims sounding in prosecutorial misconduct or malicious prosecution, such claims are *Heck* barred for the same reasons as the false arrest and judicial misconduct claims. *See, e.g.*, *Jones v. Jefferson County District Att'y*, 2022 WL 2030535, at *3 (E.D. Tex. Mar. 24, 2022) ("Plaintiff's

claims for malicious prosecution and wrongful conviction are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994)."); *Butler v. Tidwell*, 2021 WL 4025379, at *7 (E.D. Tex. June 29, 2021), *rec. accepted* 2021 WL 3930979 (E.D. Tex. Sept. 1, 2021) ("The Fifth Circuit has repeatedly held that claims alleging . . . 'prosecutorial misconduct . . . are [] barred under *Heck*.'") (citations omitted).

Thus, Gibson's claims—and the requests for monetary and injunctive relief associated with them—are not cognizable at this time, are "legally frivolous" within the meaning of 28 U.S.C. § 1915, and should be dismissed "with prejudice to their being asserted again until the *Heck* conditions are met." *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996); *see also Edwards v. Balisok*, 520 U.S. 641, 649 (1997); *Boyd v. Biggers*, 31 F.3d 279, 283-84 (5th Cir. 1994).

## Recommendation

The Court should **DENY** plaintiff Scottie H. Gibson's motion to amend and **DISMISS** his claims with prejudice to their being asserted again until the *Heck v. Humphry* conditions are met, pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

SO RECOMMENDED October 18, 2024.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

8

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* [28 U.S.C. § 636(b)(1)](); [FED. R. CIV. P. 72(b)](). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See [Douglass v. United Services Automobile Ass'n](), 79 F.3d 1415, 1417 (5th Cir. 1996)*.